### UNITED STATES
### v.
### ALVARADO–SOTO.
### Cr. No. 23134.

United States District Court,
S. D. California, Central Division.
April 21, 1954.

Laughlin E. Waters, U. S. Atty., Angus D. McEachen, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

David C. Marcus, Los Angeles, Cal., for defendant.

HARRISON, District Judge.

The defendant was charged under an indictment returned by the Grand Jury. The case came on regularly for trial and was tried by the Court, the defendant having waived trial by jury. At the close of the evidence, the defendant raised certain legal questions involving constitutional law. Thereupon the case was taken under submission. The defendant was allowed ten days to file his points and authorities, and having failed to do so, the Court has considered the case ready for determination.

This is a prosecution under 8 U.S.C.A. § 1326 which provides in part "Any alien who—(1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) * * * the Attorney-General has expressly consented to such alien's reapplying for admission; or (B) * * unless such alien shall establish that he was not required to obtain such advance consent * * * shall be guilty of a felony * * *." The defendant was indicted and tried under that portion of the statute which specifically makes it a crime to be found in the United States after having once been excluded and deported.

There is no dispute as to the facts in this case. The defendant is a Mexican alien who after having been excluded and deported from the United States was thereafter found in the United States without having obtained the permission of the Attorney-General to be admitted here and without having been excused from doing so. The defendant was last deported in 1942 and shortly thereafter re-entered this country and has been present here since 1942 or 1943.

The defendant contends that he may not be found guilty of a crime because that portion of the statute under which he was tried is so vague as to violate the Fifth Amendment to the United States Constitution and for the reason that this portion of the statute was enacted at such a time in reference to the defendant's conduct as to amount to an "ex post facto" and hence void law.

There is no merit to either of these contentions. As to vagueness the United States Supreme Court has stated the requirement to be "the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties * * *. The dividing line between what is lawful and unlawful cannot be left to conjecture. * * * The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue". Connally v. General Con-

struction Co., 1926, 269 U.S. 385, 46 S. Ct. 126, 127, 70 L.Ed. 322. A plain reading of this statute readily discloses that the conduct which it punishes is an illegal presence in the United States after having once been excluded and deported. The statute leaves no doubt as to the conduct which will be subject to punishment nor can it be said that an ordinary person reading it would be forced by conjecture, to choose a course of conduct at his peril.

 The defendant asserts that the part of the statute with which we are concerned is vague in that it makes no mention of an act or omission to act on the part of the defendant. However, presence in the country itself is the conduct which Congress has seen fit to punish. This is not the first time that Congress has so seen fit, and speaking of a prior statute which made presence itself a crime the United States Supreme Court said "it would be plainly competent for congress to declare the act of an alien in remaining unlawfully within the United States to be an offense punishable by fine or imprisonment". Wong Wing v. United States, 1896, 163 U.S. 228, 16 S.Ct. 977, 980, 41 L.Ed. 140. In interpreting the portion of the statute in question as punishing presence, I am not unmindful of the requirement that criminal statutes creating offenses not known to the common law must be strictly construed. Pierce v. United States, 1941, 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226. However, in saying that when Congress added the phrase "or is at any time found in, the United States" to the old statute which merely punished entry or attempt to enter that they intended to punish presence within the United States, I do not believe that this requirement of strict construction has been violated.

As to the defense that this statute amounts to an "ex post facto" law, it is clear that the Congress may not by an enactment punish past conduct not punishable prior to such enactment. Garner v. Los Angeles Board of Education, 1951, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317; United States Constitution Art. 1 § 9. This does not mean that the Congress may not punish conduct taking place after the time of the enactment notwithstanding that the same type of conduct by the same defendant was not punishable before the enactment. Samuels v. McCurdy, 1925, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568. Defendant is criminally liable only for being in this country after the enactment of the statute in question and is thus not being made subject to an "ex post facto" law.

Defendant has raised the three year statute of limitations as a bar to this prosecution. This defense is without merit. The defendant's criminal conduct continued each day that he was present in the United States. Since he was present here at the time the indictment was brought the prosecution was timely.

In view of my construction of the law, I find the defendant guilty as charged and direct that the defendant be present in court on May 3, 1954, at 2:00 o'clock P.M. for sentence. I see no occasion for reference of this case to the Probation Office.