**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francisco RINCON–JIMENEZ,**
**Defendant-Appellant.**

**No. 78–3776.**

United States Court of Appeals,
Ninth Circuit.

May 1, 1979.

Mary E. Alden, Asst. Federal Defender, Fresno, Cal., for defendant-appellant.

---

Joan L. McIntosh, Asst. U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before GOODWIN, SNEED and ANDERSON, Circuit Judges.

SNEED, Circuit Judge:

Appellant, Francisco Rincon-Jimenez, a Mexican citizen, illegally entered the United States in August 1969 by traversing the beach between Tijuana and San Ysidro late at night. Because he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens. See 8 U.S.C. §§ 1224, 1225.

In April 1978, almost nine years following his illegal entry, appellant was charged with violating 8 U.S.C. § 1325. That statute imposes criminal penalties on any alien

[W]ho (1) enters the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . . .

He was convicted under the second clause for eluding "examination or inspection by immigration officers." Although appellant raised the five-year statute of limitations, 18 U.S.C. § 3282,[1] as a bar to the criminal prosecution, the district court construed § 1325(2) as describing a continuing offense which tolls the statute of limitations so long as appellant remains present in this country. The sole issue on appeal is whether the district court properly applied § 1325(2). We hold that it did not. We, therefore, reverse appellant's conviction and remand the case to the district court with directions to dismiss the indictment.

We are guided in this decision by both judicial and congressional policy. In *Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970), the Supreme Court held:

[W]e have stated before "the principle that criminal limitations statutes are 'to be liberally interpreted in favor of repose,' *United States v. Scharton,* 285 U.S. 518, 522 [52 S.Ct. 416, 417, 76 L.Ed. 917] (1932)." *United States v. Habig,* 390 U.S. 222, 227 [88 S.Ct. 926, 929, 19 L.Ed.2d 1055] (1968). We have also said that "[s]tatutes of limitations normally begin to run when the crime is complete." *Pendergast v. United States,* 317 U.S. 412, 418 [63 S.Ct. 268, 271, 87 L.Ed. 368] (1943); *see United States v. Irvine,* 98 U.S. 450, 452 [25 L.Ed. 193] (1879). And Congress has declared a policy that the statutes of limitations should not be extended "[e]xcept as otherwise expressly provided by law." 18 U.S.C. § 3282. These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances . . . . These considerations . . . require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

Our interpretation is strengthened by reading § 1325 in conjunction with the other immigration laws. The language in the second clause, eluding "examination or inspection," has specific reference to immigration procedures conducted at the time of entry. This is made clear by sections 1224 and 1225 of 8 U.S.C. which provide for a medical examination and physical inspection of each entering alien. Because these examinations and inspections are to take place at the time of entry, a fixed point in time, this suggests that the offense described by § 1325(2) is consummated at the time

---

1. 18 U.S.C. § 3282 states:
 Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

an alien gains entry through an unlawful point and does not submit to these examinations.

Comparison of § 1325 with its companion statute, § 1326, adds strength to the suggestion that § 1325 is consummated at the time of entering the United States. Section 1326 makes it a felony for

> Any alien who—(1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, *or is at any time found in, the United States* . . . .

(emphasis supplied). This language explicitly makes it a crime for an alien to remain in this country after an illegal reentry. The statute had been construed, moreover, as describing a continuing offense that tolls the statute of limitations as long as such an alien is present in the United States. *See United States v. Bruno,* 328 F.Supp. 815, 825 (D.C.Mo.1971); *United States v. Alvarado-Soto,* 120 F.Supp. 848, 850 (D.C.Cal. 1954).

No such explicit language exists in § 1325. Absent language such as that found in 8 U.S.C. § 1326, we decline to make the offense described in § 1325(2) one that continues as long as the alien remains in this country. Our construction does not undermine the force of the immigration laws. Appellant is still subject to deportation on these charges, *see* 8 U.S.C. § 1251(a)(2). We find, however, no reason to interpret this criminal statute in a manner that avoids commencing the running period of the statute of limitations as of the time of the illegal entry. Accordingly, we hold that the five-year statute of limitations required by 18 U.S.C. § 3282 is applicable to this offense and bars the criminal prosecution.

The judgment is reversed and the case is remanded to the district court with directions to dismiss the indictment.

REVERSED and REMANDED.