UNITED STATES of America

v.

Walter Gustavo ALVAREZ–QUINTERO.

Cr. No. 91–114 P.

United States District Court,
D. Rhode Island.

April 6, 1992.

Edwin Gale, Asst. U.S. Atty., Providence, R.I., for U.S.

Van L. Hayhow, Lincoln, R.I., for Alvarez–Quintero.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The sentencing of defendant Alvarez–Quintero raises two significant legal questions: is the offense of reentry as a deportable alien a "continuing offense," and is there an *ex post facto* issue raised by sentencing under a Sentencing Guideline that was amended after the defendant entered the United States? The statute at issue, 8 U.S.C. § 1326, makes it an offense to "enter," "attempt to enter," or be "found in" the United States after deportation subsequent to an aggravated felony. The government indicted the defendant for the offense of being "found in" the United States—an offense that occurred after the amendment of the Sentencing Guidelines. Because of this posture, the Court need not decide whether this statute describes a continuing offence. The defendant committed the offense after November 1, 1991; there is no *ex post facto* problem with sentencing under the amended guideline.

### I

The United States Immigration and Naturalization Service deported defendant Alvarez–Quintero from the United States on February 2, 1991. Defendant re-entered the United States prior to November 1, 1991. On November 1, 1991, a specific offense characteristic, Sentencing Guideline § 2L1.2(b)(2), became effective. The new guideline mandates a sixteen level increase if the previous deportation followed an aggravated felony conviction. The previous guideline made no distinction between a felony and an aggravated felony and mandated only a four level increase.

On November 19, 1991, a federal grand jury indicted defendant for a violation of 8 U.S.C. § 1326:

**§ 1326. Reentry of deported alien; criminal penalties for reentry of certain deported aliens**

(a) Subject to subsection (b) of this section, any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States ... [and]

\* \* \* \* \* \*

(b)(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 15 years, or both.

The defendant pled guilty under the above statute to the offense of being "found in" the United States.

Defendant Alvarez–Quintero disputes neither his conviction for aggravated rape prior to his 1991 deportation nor the fact that such a conviction constitutes an aggravated felony. However, he contends that to sentence him under the amended guidelines results in *ex post facto* application of the law. Although defendant was caught by the United States on November 19, 1991—after the amendment took effect—he actually reentered the United States before the amendment became effective. Defendant argues that this particular timeline of events requires sentencing under the unamended guidelines.

The United States claims that the offense "being found" illegally in the United States is a "continuing offense." Under this reasoning, the offense was in fact committed from date of reentry to the date of discovery. When defendant pled guilty to this offense, he pled guilty to a crime that was committed until November 19, 1991—well after the amendment to the guidelines.

II

■ "Barring any *ex post facto* problem, a defendant is to be punished according to the guidelines in effect at the time of sentencing." *United States v. Harotunian,* 920 F.2d 1040, 1042 (1st Cir.1990) (citations omitted); *United States v. Aymelek,* 926 F.2d 64, 66 n. 1 (1st Cir.1991); *United States v. Adeniyi,* 912 F.2d 615, 618 (2d Cir.1990); *United States v. Worthy,* 915 F.2d 1514, 1516 n. 7 (11th Cir.1990). However, when a guideline amendment increases the punishment imposed, the *ex post facto* clause of the Constitution prevents retroactive application of the guideline. In such a case, the guideline in effect at the time the crime was committed must be used. *United States v. Molina,* 952 F.2d 514, 522–23 (D.C.Cir.1992);[1] *see Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987).

■ On February 18, 1992, the original date of sentencing, the defendant faced sentencing under the amended guidelines. Reasoning along these lines, the Court confronts the question of when this crime was committed. Was the offense committed when the defendant crossed the border prior to November 1, 1991 or was it committed when defendant was caught?

This is a case of first impression in the First Circuit.[2] The Court agrees with the United States that this offense was committed on November 19, 1991. Direct statutory interpretation points to this conclusion. The statute at issue makes it a crime to be "any time found in the United States." Regardless of when he entered, Mr. Alvarez–Quintero was "found in" the United States on November 19, 1991.

Other courts have classified this crime as a continuing offense when discussing statutes of limitations. *United States v. Rincon–Jimenez,* 595 F.2d 1192, 1194 (9th Cir. 1979) ("The statute had been construed, moreover, as describing a continuing offense ..."); *United States v. Bruno,* 328

---

**1.** In *Molina,* the D.C. Circuit Court raised, but did not answer, the very question the Court addresses today.

**2.** Recently, one other circuit interpreted this offense as committed when "found in" the United States. *See United States v. Grado,* No. 91–2042, 1992 WL 36851, at *3 (10th Cir. February 26, 1992) (unpublished opinion) [956 F.2d 279 (table)].

**134**

F.Supp. 815, 825 (D.Mo.1971) (when "found in the United States after having been excluded and deported, the criminal conduct continued and the statute of limitations did not run so long as the alien was present in the United States."). Additionally, the court in *Rincon–Jimenez* distinguished § 1326, a continuing offense, from § 1325, which it held to describe an immigration crime completed at the time of entry into the United States. *Rincon–Jimenez,* 595 F.2d at 1194.

In our present situation, the Court need not confer the "continuing offense" label to this crime. To read "found in" and "enters" to have the same meaning frustrates the plain language of the statute. Clearly, "entering" is a different activity than being "found in," and the statute makes each act a crime. Two other circuits have also held that each term has a distinct meaning. *See United States v. Canals–Jimenez,* 943 F.2d 1284 (11th Cir.1991) ("The phrase 'found in' is synonymous with 'discovered in.' ... Congress added the phrase 'found in' to alleviate the problem of prosecuting aliens who enter in some illegal manner." *Id.* at 1287); *United States v. DiSantillo,* 615 F.2d 128 (3d Cir.1980) (When Congress reenacted the statute in 1952, it added the term "found in," but did not remove the term "enters," indicating that each term has a distinct meaning. *Id.* at 135). Mr. Alvarez–Quintero pled guilty to the crime of being "found in" the United States; he was "found in" the United States on November 19, 1991.

### III

The Court finds that defendant committed the crime of being "found in" the United States on November 19, 1991. The sentencing guidelines have not changed from that time to the time of sentencing. Accordingly, defendant will be sentenced under the guidelines currently in effect.

SO ORDERED.