993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rudolph Valentino BARNETT, a/k/a Nuthin Selburn, a/k/a
Patrick Walker, Defendant-Appellant.
 No. 92-5295.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: June 1, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-228-C)
 Rodney Shelton Toth, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rudolph Valentino Barnett was convicted by a jury of being found in the United States after being deported subsequent to the commission of an aggravated felony (8 U.S.C.A. § 1326(b)(2) (West Supp. 1992)), and received a sentence of seventy-eight months. He appeals his conviction and sentence. We affirm.
 
 
 2
 After being convicted under an alias of two drug trafficking offenses in California, Barnett was discovered to be an illegal alien in North Carolina and deported in September 1991. He reentered the United States as a stowaway at New Orleans in November 1991 and traveled to South Carolina. He was soon arrested on state criminal charges and he gave authorities another false name. Barnett was transported to Charlotte, North Carolina, for deportation proceedings, where he was recognized by an agent of the Immigration and Naturalization Service (INS). He was charged with being"found in" the United States after deportation subsequent to the commission of an aggravated felony.
 
 
 3
 Barnett alleges that venue was not proper in the Western District of North Carolina because he was found by INS authorities in South Carolina, and only brought under duress to North Carolina. He relies on language in United States v. DiSantillo, 615 F.2d 128, 137 (3d Cir. 1980), that an alien is "found" when he is first noted by immigration authorities, and on similar language from United States v. Canals-Jimenez, 943 F.2d 1284, 1287 (11th Cir. 1991), that "found" is synonymous with "discovered." He argues that the offense is not a continuing offense, and occurred at the time he was identified as an illegal alien in South Carolina.
 
 
 4
 We find DiSantillo and Canals-Jimenez inapposite. A deported person violates § 1326 if he "enters, attempts to enter, or is at any time found in the United States" without permission. While the crime of entering or attempting to enter the country is completed at the time of the entry or attempt, the crime of being "found in" the United States is an ongoing one. A deported person who succeeds in reentering the country without detection is in violation ofs 1326 everywhere he goes. Venue is thus proper in any of the places he goes. See United States v. Cores, 356 U.S. 405 (1958) (construing similar statute as continuing offense with venue proper in any district visited).
 
 
 5
 When he was deported, Barnett was given an INS form letter warning him that reentry could result in imprisonment of not more than two years. His receipt of this inaccurate information did not invalidate the deportation proceedings, as he suggests, or create a contract between the government and him regarding his possible sentence for illegal reentry should he decide to disregard the warning. Nor did his later prosecution for violating § 1326(b)(2), which carries a fifteen-year maximum sentence, violate due process or the ex post facto clause. No change in the law occurred between the time Barnett was deported and his reentry. He was correctly informed that reentry would subject him to criminal penalties. Due process does not require that a defendant know with certainty what maximum sentence he may receive before he may be prosecuted.
 
 
 6
 The district court correctly instructed the jury that Barnett's California conviction for possession of marijuana for sale was an aggravated felony rather than submitting the question to the jury. Barnett did not contest the fact of the conviction at trial, but contended that it was not an aggravated felony within the meaning of § 1326(b)(2). Legal questions are determined by the court, not the trier of fact.
 
 
 7
 Barnett also argues that the district court incorrectly determined that the conviction for possession of marijuana for sale was an aggravated felony and, therefore, incorrectly increased his base offense level under guideline section 2L1.2(b)(2).* There was no error because the prior offense carried a maximum sentence of more than a year and involved illicit trafficking in a controlled substance. U.S.S.G. §§ 4A1.2(o), 2L1.2, comment. (n.7). He was properly awarded criminal history points for the prior conviction as well as the increase in offense level. U.S.S.G. § 2L1.2, comment. (n.5). Finally, the district court did not clearly err in refusing Barnett a reduction for acceptance of responsibility. Although he made incriminating statements to the INS agent who interviewed him, he later entered a plea of not guilty and went to trial. The record does not disclose that he made any statement after his indictment of conviction affirmatively acknowledging responsibility for his conduct.
 
 
 8
 Accordingly, the conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)