**UNITED STATES of America**

v.

**Jose Remedio MANCEBO–SANTIAGO, Defendant.**

**No. 94 Cr. 827 (JGK).**

United States District Court, S.D. New York.

May 12, 1995.

Mary Jo White, U.S. Atty., Hector Gonzalez, Asst. U.S. Atty., U.S. Attys. Office, S.D.N.Y., New York City, for U.S.

Lawrence H. Schoenbach, Jonathan Dobbs, New York City, for defendant.

*OPINION & ORDER*

KOELTL, District Judge.

On February 7, 1995, a jury found the defendant, Jose Remedio Mancebo–Santiago, guilty of violating 8 U.S.C. § 1326.[1] The defendant now seeks a judgment of acquittal pursuant to Federal Rule of Criminal Proce-

---

1. 8 U.S.C. § 1326 provides that:
   (a) Subject to subsection (b) of this section, any alien who—

   (1) has been arrested and deported or excluded and deported, and thereafter

dure 29(c) on the ground that the Government failed to introduce sufficient evidence at trial to prove that venue was proper in the Southern District of New York. For the reasons stated below, the defendant's motion for a judgment of acquittal is denied.

## I.

Section 1326 of Title 8 of the United States Code makes it a crime for any previously deported alien to enter, attempt to enter, or to be found in the United States without having obtained the consent of the Attorney General as specified by the statute. Thus it defines three separate offenses. *United States v. Rodriguez,* 26 F.3d 4, 8 (1st Cir. 1994). For the elements that the Government must prove to establish a "found in" violation of § 1326, *see United States v. Quezada,* 754 F.2d 1190, 1192 (5th Cir.1985) and *United States v. Hernandez,* 693 F.2d 996, 998 (10th Cir.1982), *cert. denied,* 459 U.S. 1222, 103 S.Ct. 1231, 75 L.Ed.2d 464 (1983).

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.
> (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
> (1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both; or
> (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.
> For the purposes of this subsection, the term "deportation" includes any agreement in which an alien stipulates to deportation during a criminal trial under either Federal or State law.
> 8 U.S.C.A. § 1326 (Supp.1995).

**2.** *See United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir.) ("[V]enue may be proved by cir-

## II.

The defendant does not challenge the propriety of venue in the Southern District of New York, but contests only whether the Government adduced sufficient evidence at trial to prove venue. The defendant acknowledges that venue may be proved by circumstantial evidence,[2] that venue is not an element of the offense, that facts establishing venue need only be proved by a preponderance of the evidence,[3] and that when deciding a Rule 29 motion a Court must view the evidence in the light most favorable to the Government. The defendant bears a heavy burden of showing that no rational trier of fact could find venue by a preponderance of the evidence.[4]

## III.

Section 1329 of Title 8 of the United States Code prescribes appropriate venue for § 1326 prosecutions:

cumstantial evidence.") (citation omitted), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984), *and cert. denied sub nom, Argitakos v. United States,* 469 U.S. 918, 105 S.Ct. 297, 83 L.Ed.2d 232 (1984).

**3.** *See Potamitis,* 739 F.2d at 791 (holding with regard to a continuing offense that, "To prove venue, the prosecution must show by a preponderance of the evidence that 'any part of the crime was committed within the district.' ") (citations omitted); *United States v. Panebianco,* 543 F.2d 447, 455 (2d Cir.1976) ("Venue turns on whether any part of the crime was committed within the district, and the government need only prove venue by a preponderance of the evidence.") (citation omitted), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977).

**4.** *See, e.g., United States v. Brewer,* 36 F.3d 266, 268 (2d Cir.1994) (stating, with respect to a Rule 29 motion seeking review of the sufficiency of evidence to prove the elements of an offense beyond a reasonable doubt, that, "At the outset, we note the " 'very heavy burden' " placed upon a defendant challenging the sufficiency of the evidence underlying a conviction.... To succeed, Brewer must demonstrate that, "viewing the evidence in the light most favorable to the government, ... no 'rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.' " ") (citations omitted). Venue need only be proven by a preponderance of the evidence, and not beyond a reasonable doubt.

The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter. It shall be the duty of the United States attorney of the proper district to prosecute every such suit when brought by the United States. Notwithstanding any other law, such prosecutions or suits may be instituted at any place in the United States at which the violation may occur or at which the person charged with a violation under 1325 or 1326 of this title may be apprehended.

8 U.S.C. § 1329.

■ In *United States v. Barnett*, 993 F.2d 1539 (Table), 1993 WL 185640 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 560, 126 L.Ed.2d 460 (1993), the Court of Appeals for the Fourth Circuit held that a "found in" violation of 8 U.S.C. § 1326 is a continuing offense. *Barnett,* 1993 WL 185640 at **1 ("While the crime of entering or attempting to enter the country is completed at the time of the entry or attempt, the crime of being 'found in' the United States is an ongoing one.").[5] Therefore, venue is proper under 8 U.S.C. § 1329 anywhere where the defendant goes, because the defendant commits the violation wherever he goes. *Id.* Given that a "found in" violation of § 1326 is a continuing offense, 18 U.S.C. § 3237(a) also indicates the propriety of venue in any location where the offense occurs:

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. . . .

18 U.S.C.A. 3237(a); *see United States v. Sutton,* 13 F.3d 595, 598 (2d Cir.1994) ("[V]enue for continuing offenses is governed by 18 U.S.C. § 3237(a) (1988)."); *United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984), *and cert. denied*

*sub nom, Argitakos v. United States,* 469 U.S. 918, 105 S.Ct. 297, 83 L.Ed.2d 232 (1984).

*Barnett*'s holding that a § 1326 violation is a continuing offense is supported by *United States v. Rincon–Jimenez,* 595 F.2d 1192 (9th Cir.1979), in which the Court of Appeals for the Ninth Circuit contrasted § 1326 with § 1325, finding that the latter does not define a continuing offense:

Comparison of § 1325 with its companion statute, § 1326, adds strength to the suggestion that § 1325 is consummated at the time of entering the United States. Section 1326 makes it a felony for

Any alien who (1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or *is at any time found in the United States* . . . .

(emphasis supplied). This language explicitly makes it a crime for an alien to remain in this country after an illegal reentry. The statute had been construed, moreover, as describing a continuing offense that tolls the statute of limitations as long as such an alien is present in the United States. *See United States v. Bruno,* 328 F.Supp. 815, 825 (D.C.Mo.1971); *United States v. Alvarado–Soto,* 120 F.Supp. 848, 850 (D.C.Cal.1954).

*Rincon–Jimenez,* 595 F.2d at 1194.

■ In *Barnett,* the court held that venue is proper in any district in which the defendant is present even if the defendant has been brought to a district under duress while in the custody of the Immigration and Naturalization Service ("INS"). Barnett reentered the United States in New Orleans and travelled to South Carolina where he was apprehended. He was then transported by the authorities to North Carolina for deportation proceedings. When the INS realized his identity, he was charged with being "found in" the United States after having been deported subsequent to the commission of an aggravated felony. The court held that venue in the Western District of North Car-

---

5. The defendant relies on *United States v. DiSantillo,* 615 F.2d 128 (3rd Cir.1980) for the proposition that a "found in" violation of § 1326 is not a continuing offense. *DiSantillo* held only that a

violation of § 1326 is not a continuing offense for purposes of determining when the statute of limitations began to run. It did not consider where a previously deported alien could be prosecuted.

olina was proper although Barnett had been brought there under duress. Thus, in this case, venue is proper in the Southern District of New York if the defendant was apprehended in, transferred to, or otherwise present in the Southern District prior to his indictment.

■ The defendant argues that *Barnett* is inapposite, because it addressed where venue is appropriate for a § 1326 prosecution rather than what the Government must prove at trial to establish venue. The defendant asserts that the issue on this motion is not whether venue is appropriate in the Southern District, but whether the Government failed to offer proof of facts that would establish venue in any district. However, under *Barnett* and cases recognizing a "found in" violation of § 1326 to be a continuing offense, the locations where venue is appropriate for a § 1326 prosecution are those locations where the defendant has been present subsequent to the alleged illegal reentry, and hence the question of whether sufficient evidence of venue has been introduced is a question of whether there has been sufficient evidence establishing the defendant's presence in the district prior to indictment. At trial, the parties stipulated that the defendant was held in the custody of the New York City

Department of Correction from March 20, 1993 until July 19, 1994, when he was transferred into federal custody on the § 1326 charge, but did not stipulate as to the location of his custody. The defendant's presence in the Southern District of New York on or about July 19, 1994, the date the defendant was taken into federal custody, would be sufficient to establish proper venue, as would his presence in the Southern District of New York on or about March 20, 1993, the date he was taken into custody by the New York City Department of Correction.

## IV.

The defendant argues that the Government failed to prove venue by failing to introduce sufficient evidence that he violated § 1326 within the Southern District as charged in the indictment. As described above, based on the continuing nature of a § 1326 "found in" offense, to establish venue the Government needed only to prove by a preponderance of the evidence that the defendant was present in the Southern District at some time prior to the indictment.[6]

The Court finds that the Government did introduce sufficient evidence at trial that the defendant violated § 1326 by being present within the Southern District between on or

---

**6.** There is a strong argument that the defendant waived his objection to venue. Objections to venue are waived when statements of a prosecutor clearly indicate a venue defect but the defendant fails to object. *United States v. Sutton,* 13 F.3d 595 (2d Cir.1994); *United States v. Price,* 447 F.2d 23, 26 (2d Cir.1970), *cert. denied,* 404 U.S. 912, 92 S.Ct. 232, 30 L.Ed.2d 186 (1971). The alleged defect involved in this motion is that the Government failed to introduce sufficient evidence that the defendant was present in the Southern District prior to the time of the indictment. At trial, the prosecutor did not clearly indicate that he would fail to introduce such evidence, but the defendant did affirmatively state his willingness to concede the fact. This affirmative representation by the defendant should be deemed to be equally sufficient for purposes of waiver as a failure to object. *Cf. United States v. Sutton, supra.*

At trial, the defendant contended that there was no evidence that he was "willfully found" in the United States. In the course of attempting to fashion a stipulation with the Government to show that he was not willfully in the Southern District of New York, but was rather simply incarcerated in the Southern District of New

York, the defendant sought a stipulation that indicated that he was in detention from the earliest date mentioned in the indictment. In doing so, the defendant did not object to a stipulation stating that he had been in custody in the Southern District of New York and affirmatively sought such a stipulation, although the final stipulation does not indicate the location of his custody. Defense counsel represented to the Court that: "I had sought to elicit this from the government by way of stipulation, and that is specifically that the defendant was in the Southern District of New York from March 20, 1993 continuously through the present. That was essentially what the government asked me to stipulate to. I asked, then, to include language that he was in custody at Rikers Island or in the Bronx House of Detention." Tr. 50; *see also* Tr. 78–83. The defendant was willing to concede and stipulate that he had been present in the Southern District prior to the time of the indictment while in custody.

However, because there was sufficient evidence of venue, it is not necessary to finally reach the question of waiver. *Cf. United States v. Sutton, supra.*

about March 20, 1993 and the time of the indictment. At trial, the Government introduced into evidence a fingerprint card, G. Ex. 5, bearing the defendant's signature which was prepared when the defendant was taken into federal custody on July 19, 1994. Tr. 93–95. There are two pieces of information contained on the card that constitute sufficient evidence that the defendant violated § 1326 within the Southern District as charged in the indictment.

The portion of the card entitled "RESIDENCE OF PERSON FINGERPRINTED," reads "783—FOX ST APT 5F BRONX NY." The Bronx is within the Southern District of New York. *See* 28 U.S.C. § 112. This statement on the fingerprint card is sufficient evidence to support a reasonable inference that the defendant was in the Southern District of New York prior to being taken into the custody of the New York City Department of Correction on March 20, 1993. It was normal procedure to take biographic information at the time the fingerprint card was prepared. Tr. 94. A reasonable person would infer that the defendant gave the authorities the address on the card at the time that he was taken into federal custody and that he had been present at his residence after reentering the country and prior to being taken into custody by the New York Department of Correction. Therefore, there was sufficient evidence that he violated § 1326 within the Southern District of New York.

In *United States v. Panebianco,* 543 F.2d 447 (2d Cir.1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977), the Court of Appeals for the Second Circuit held that the prosecution had presented sufficient evidence of venue to support the conviction of one of the defendants. In that case, the prosecution could establish venue in the Southern District by proving that the defendant had stored heroin in the Bronx. The court of appeals held that evidence that the defendant lived in the Bronx and that he and his brother used the Bronx in their narcotics operation provided a sufficient basis of circumstantial evidence for the jury to draw the inference that the defendant had stored heroin in the Bronx. *Panebianco,* 543 F.2d at

455. In this case, evidence showing that the defendant resided in the Southern District of New York prior to his apprehension on March 20, 1993 is sufficient evidence that the defendant violated § 1326 within the Southern District of New York as charged in the indictment.

In addition, the fingerprint card indicates that the "contributor" was "USM NEW YORK, NY." The Government's witness, Senior Special Agent Hittelman of the INS, testified that the fingerprints on the card were taken by a United States Marshal. Tr. 93–95. A fair inference is that "USM NEW YORK, NY" refers to the U.S. Marshal in New York, N.Y.—particularly since Agent Hittelman identified a specific U.S. Marshal who took the prints when the fingerprint card was generated—and that the defendant therefore was taken into federal custody in New York, N.Y. Tr. 94.

The defendant responds that it is not clear that "New York, N.Y." refers to Manhattan, which is in the Southern District of New York, rather than a borough such as Queens which is not in the Southern District of New York. *See* 28 U.S.C. § 112. But, the Government correctly argues that "New York, N.Y.," commonly refers to Manhattan, and the other boroughs are commonly specifically identified. This is particularly true in the context of the fingerprint card which did specifically identify "Bronx, N.Y." as the defendant's residence. The fair inference from the evidence is that the defendant was taken into federal custody in Manhattan, in the Southern District of. New York.

For the foregoing reasons, the Court concludes that the Government introduced sufficient evidence that the defendant violated § 1326 in the Southern District of New York as charged in the indictment. The defendant's motion for a judgment of acquittal is therefore denied.

**SO ORDERED.**