# Matter of Maria del Carmen MARTINEZ-SERRANO, Respondent

File A092 340 037 - Florence, Arizona

*Decided December 9, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien's conviction for aiding and abetting other aliens to evade and elude examination and inspection by immigration officers in violation of 18 U.S.C. § 2(a) (2006) and 8 U.S.C. § 1325(a)(2) (2006) establishes that the convicted alien is removable under section 237(a)(1)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(E)(i) (2006).

(2) Where the facts underlying the respondent's conviction demonstrated that she knowingly assisted other aliens to enter the United States in violation of law, clear and convincing evidence established that she is removable under section 237(a)(1)(E)(i) of the Act.

FOR RESPONDENT: Anthony Pelino, Esquire, Florence, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Maria N. Bjornerud, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated March 7, 2007, an Immigration Judge terminated the proceedings upon a finding that the respondent was not removable under section 237(a)(1)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(E)(i) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who adjusted her status to that of a lawful permanent resident on December 1, 1990. The record reflects that the respondent was admitted to the United States on August 23, 2006, as a returning resident and that later the same day 15 illegal aliens were

apprehended in her home. She was convicted on September 19, 2006, of aiding and abetting two aliens to evade and elude examination and inspection by immigration officers in violation of 18 U.S.C. § 2(a) (2006) and 8 U.S.C. § 1325(a)(2) (2006),[1] a misdemeanor offense for which she was sentenced to 90 days' imprisonment. As part of the respondent's plea agreement for this conviction, the Government dismissed a charge of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (2006).

The plea agreement signed by the respondent includes the following as the factual basis for criminal charges brought against her:

> On or about August 23, 2006, at or near San Luis, Arizona, . . . I . . . harbored fifteen individuals in my home, all of whom were illegal aliens. . . . I knew that the people I was harboring were illegally in the United States, and I was aiding and abetting their presence in the United States. . . . I was harboring them in order to assist them in eluding examination and inspection by Immigration Officials of the United States.

The DHS initiated removal proceedings against the respondent, charging that she is removable under section 237(a)(1)(E)(i) of the Act as alien who knowingly aided and abetted other aliens to enter the United States in violation of law. In support of this charge, the DHS introduced the respondent's conviction record. The respondent denied that she assisted the aliens to enter the country. The Immigration Judge found that although the evidence showed that the respondent harbored aliens after their entry, there was insufficient evidence to establish that she helped them enter the country illegally. He therefore concluded that the ground of removal was not sustained and terminated the proceedings.

## II. ANALYSIS

We review the findings of fact made by the Immigration Judge to determine whether they are "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i) (2009); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008). We review de novo all questions of law, discretion, and judgment, including the question whether the parties have met the relevant burden of proof. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008).

The DHS contends that the Immigration Judge erred in determining that the removal charge had not been sustained and in terminating the proceedings. We agree. With certain exceptions that are not applicable here, an alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other

---

[1] We note that 8 U.S.C. § 1325 is at section 275 of the Act, but in view of the fact that the conviction record refers to the statute as it appears in the United State Code, as do the decisions of the United States courts of appeals cited in this decision, we will do likewise.

alien to enter or to try to enter the United States in violation of law" is removable under section 237(a)(1)(E)(i) of the Act. By its plain language, the statute does not require the DHS to establish a conviction as the basis for this removal ground. However, as support for the removal charge, the DHS submitted evidence establishing the respondent's conviction.

As stated in the plea agreement that the respondent signed, she was convicted of "Aiding and Abetting an Alien to Elude Examination and Inspection by Immigration Officers" pursuant to 18 U.S.C. § 2(a) and 8 U.S.C. § 1325(a)(2). Under 18 U.S.C. § 2(a), a person who "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States is punishable as a principal. The underlying offense in this case was a violation of 8 U.S.C. § 1325(a), which is entitled "Improper entry by an alien." That statute punishes

> [a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . . .

As noted above, the removal ground with which the respondent is charged requires no conviction. However, in this case, there is a conviction for an offense that, by its terms, establishes the charge. Specifically, 8 U.S.C. § 1325(a) is a statute that addresses the manner of an illegal entry, not the conduct of aliens who have already effected an entry to the United States. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979) (noting that § 1325(a)(2) has "specific reference to immigration procedures conducted at the time of entry"); *see also United States v. Flores-Peraza*, 58 F.3d 164, 168 (5th Cir. 1995) (distinguishing 8 U.S.C. § 1326(a) from § 1325(a) and noting that "'the plain language of § 1325(a) defines the underlying "offense" in the statute to be improper entry into the United States based on the manner of entry, not on the mere fact of an entry'" (quoting *United States v. Crawford*, 815 F. Supp. 920, 924 (E.D. Va. 1993))); *United States v. Mussaleen*, 35 F.3d 692, 697 (2d Cir. 1994) (distinguishing § 1325(a), which "proscribes illegal *entry* into the United States," from 8 U.S.C. § 1324(a)(1)(B), which proscribes activity "within the United States *after entry* has been made").

Under our precedent decisions, "an 'entry' requires: (1) a crossing into the territorial limits of the United States, i.e., physical presence; (2) (a) an inspection and admission by an immigration officer, or (b) an *actual and intentional evasion of inspection at the nearest inspection point*; and (3) freedom from official restraint." *Matter of Z-*, 20 I&N Dec. 707, 708 (BIA 1993) (emphasis added) (interpreting the term "entry" as it was defined under

former section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13) (1988), i.e., prior to the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546). Further, the act of an entry may include other related acts that occurred either before, during, or after a border crossing, so long as those acts are in furtherance of, and may be considered to be part of, the act of securing and accomplishing the entry. *See Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005) (discussing what constitutes aiding and abetting under section 212(a)(6)(E)(i) of the Act and various methods by which an alien can violate the smuggling provisions of the Act); *see also Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748 (9th Cir. 2007) (stating that section 212(a)(6)(E)(i) "does not describe acts that constitute static or instantaneous occurrences," but rather describes "acts that occur over a period of time and distance, and . . . not . . . at one particular moment or location"); *Larios-Mendez v. INS*, 597 F.2d 144 (9th Cir. 1979) (holding that the documents relating to the petitioner's conviction for aiding and abetting the illegal entry of aliens into the United States were sufficient by themselves to establish deportability under the prior version of the alien smuggling ground, which also required a showing that the smuggling was for gain).

The first issue before us, therefore, is whether a conviction for aiding and abetting a violation of 8 U.S.C. § 1325(a)(2) establishes removability under section 237(a)(1)(E)(i) of the Act. The offense of eluding examination or inspection by immigration officers in violation of § 1325(a)(2) "is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations." *United States v. Rincon-Jimenez*, 595 F.2d at 1193-94. The United States Court of Appeals for the Ninth Circuit has explained that under section 237(a)(1)(E)(i), the Government is not required to

> demonstrate either that the accused individual actually transported the aliens into the United States or that he personally made the arrangements with the smuggler. The statute's plain language unquestionably applies to a broader array of conduct. An individual may knowingly encourage, induce, assist, abet, or aid with illegal entry, even if he did not personally hire the smuggler and even if he is not present at the point of illegal entry.

*Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005). Thus, the statute was intended to cover a broad range of conduct, and direct participation in the physical border crossing is not required under section 237(a)(1)(E)(i). Therefore, because the respondent was convicted of aiding and abetting another alien to enter or try to enter the United States in violation of law, it necessarily follows that her conviction established, by clear and convincing evidence, that she is removable under section 237(a)(1)(E)(i)

as an alien who "knowingly . . . encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." *See id.*; *see also United States v. Rincon-Jimenez*, 595 F.2d at 1194.

Alternatively, we conclude that we would reach the same result in this case even if a conviction for aiding and abetting a violation of 8 U.S.C. § 1325(a)(2) would not alone establish removability under section 237(a)(1)(E)(i) of the Act. As evidenced by the plea agreement stating the factual basis for the criminal charges brought against the respondent, her conduct was tied to the aliens' manner of entry and her specific intent to harbor them in order to assist them in eluding inspection or examination by immigration officials. The Immigration Judge concluded that he could not consider the underlying facts of the respondent's conviction. We disagree. Because section 237(a)(1)(E)(i) does not require a conviction, the Immigration Judge improperly relied on cases that prohibit looking to the factual basis of a conviction, which are inapposite here. Thus, the Immigration Judge erred in refusing to consider the documents in the record stating the factual basis for the respondent's conviction.

A Statement of Factual Basis incorporated by reference in the complaint against the respondent shows that Border Patrol agents had detected and followed a "foot sign" that led to the backyard of her home, where 2 of the 15 illegal aliens that were arrested at her house were found. According to that statement, the aliens who were questioned said they "entered illegally in the San Luis, Arizona area and walked for approximately an hour until they reached the place of arrest." They also stated that the respondent told them to "hide in the rooms and be quiet." According to a Record of Sworn Statement (Form I-263B) signed by the respondent, she was aware that individuals found at her residence were illegal aliens, and that her son was working with a smuggler from "San Luis Rio Colorado, [in] Sonora, Mexico." The respondent also stated, "I went to San Luis Rio Colorado, Sonora, Mexico" and arrived to my house [in San Luis, Arizona,] at approximately 10:00 p.m." on the night of the arrest. It is clear from these documents, which provide the factual basis for the respondent's conviction, that she was involved in a smuggling operation.

Based on the foregoing, we conclude that the DHS has established by clear and convincing evidence that the respondent knowingly assisted aliens to enter the United States in violation of law and that she is therefore removable as charged. Accordingly, the DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge for consideration of any relief from removal for which the respondent might be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings against the respondent are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.