**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2405**

OTONIEL DE JESUS NAJERA MORALES,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 14, 2017                    Decided: January 26, 2018

Before KING, SHEDD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jeff Widdison, MCKINNEY IMMIGRATION LAW, Wilmington, North Carolina, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otoniel de Jesus Najera Morales, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals (BIA) order finding him removable and ineligible for a waiver of inadmissibility. We deny the petition.

I.

Najera Morales entered the United States without inspection. In December 1985, he was arrested near the Texas/Mexico border along with two Colombian citizens. The Colombians told border patrol officers that they met Najera Morales[1] in Mexico and paid him $500 apiece in exchange for his assistance in transporting them across the border and into Houston. Based on the foregoing, Najera Morales was charged with two counts of aiding and abetting certain aliens to elude examination by Immigration officials in violation of 8 U.S.C. § 1325(a)(2). He pled guilty to one count of the indictment and was removed under the name David Paz.

Several years later, Najera Morales entered the United States as a lawful permanent resident (LPR) based on his marriage to a United States citizen. He fathered two children (both United States citizens) with his wife and began naturalization proceedings. During these proceedings, the Department of Homeland Security (DHS) became aware of Najera Morales's criminal history. In addition to his prior removal under the alias David Paz, Najera Morales had three assault convictions in North Carolina, two of which were for an assault on a victim under the age of 12. Najera

---

[1] The Colombians knew Petitioner by the alias "David Paz."

2

Morales had failed to include these prior convictions on his naturalization papers. In March 2006, DHS issued Najera Morales a notice to appear, charging him as removable as an alien who procured a visa by fraud. After several hearings before an Immigration Judge (IJ) and several successful appeals to the BIA, the case was transferred.

Prior to the transfer, DHS filed additional charges of inadmissibility against Najera Morales, alleging that he was removable under 8 U.S.C. § 1227(a)(1)(A) because he was "inadmissible" at the time of his adjustment of status because he knowingly aided another alien to enter or try and enter the United States illegally in violation of 8 U.S.C. § 1182(a)(6)(E)(i) (alien smuggling).

After the case was transferred, the IJ in Charlotte ordered Najera Morales to file a brief outlining his requested relief. Reviewing his filing, the IJ understood Najera Morales to be conceding removability but requesting either a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H) or cancellation of removal. The IJ issued a written decision concluding that Najera Morales was ineligible for a waiver because of his § 1325(a) conviction. Specifically, the IJ relied on the BIA's precedential opinion in *Matter of Martinez-Serrano*, 25 I & N Dec. 151 (BIA 2009), to conclude that Najera Morales' § 1325(a) conviction proves by clear and convincing evidence that he engaged in alien smuggling.[2] At a later evidentiary hearing, the IJ ruled that Najera Morales was

---

[2] The IJ also concluded that Najera Morales's 1989 convictions for assault on a victim under the age of 12 rendered him ineligible for the waiver. The BIA did not address this ground, and it is not before us in this petition for review.

ineligible for cancellation of removal because he was unable to prove his 17-year-old daughter would suffer an undue hardship if he was removed.[3]

Najera Morales appealed to the BIA. The BIA dismissed the appeal concluding that, under *Martinez-Serrano*, the IJ correctly found Najera Morales ineligible for a waiver. The BIA concluded that Najera Morales was removable under § 1227(a)(1)(A) because he was inadmissible at the time he applied for lawful permanent resident status because he engaged in alien smuggling.[4] In determining that Najera Morales had engaged in alien smuggling, the BIA focused on his prior conviction under § 1325(a). Section 1325(a) is violated by "[a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact." 8 U.S.C. § 1325(a). The BIA concluded that Najera Morales's conviction under § 1325(a)(2) was clear and convincing evidence that he had assisted or abetted an alien to enter the United States in violation of law. The BIA also rejected Najera Morales's argument that the IJ violated his due process rights by failing to allow Najera Morales to present evidence on his § 1325(a) conviction.

---

[3] Najera Morales is no longer pursuing cancellation of removal because his daughter has attained the age of majority.

[4] Under § 1182(a)(6)(E)(i), an alien who knowingly "has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law" is inadmissible. 8 U.S.C. § 1182(a)(6)(E)(i).

II.

The Government bears the burden of proving removability by clear and convincing evidence, and we review the removability determination for substantial evidence. *Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016). Substantial evidence is "a narrow and deferential review under which the agency's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal citations and quotation marks omitted). We review the BIA's legal determinations de novo, but "generally give *Chevron*[5] deference to the BIA's statutory interpretations." *Martinez v. Holder*, 740 F.3d 902, 909 (4th Cir. 2014).

Najera Morales also raises a constitutional claim, alleging that the IJ's refusal to permit him to enter evidence regarding the circumstances of his prior conviction violated his due process rights. "To succeed on a due process claim in an asylum or deportation proceeding, the alien must establish two closely linked elements: (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). "The second element . . . requires consideration of whether the defect, in retrospect in a specific case, was "likely to impact the results of the proceedings." *Id.* (quoting *Rusu v. INS*, 296 F.3d 316, 320–21 (4th Cir. 2002)).

---

[5] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43, (1984)

Having reviewed the record and the parties' briefs, we conclude the BIA's determination that Najera Morales engaged in alien smuggling is supported by substantial evidence because his prior conviction under § 1325(a) constituted clear and convincing evidence that Najera Morales knowingly assisted, abetted, or aided an alien to enter or to try to enter the United States in violation of law. We likewise conclude that Najera Morales's due process claim is without merit because any "defect" in the proceedings before the IJ and BIA did not prejudice him. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*