NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUNIOR LEONARDO SANTANA-GONZALEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-70135

Agency No. A205-724-820

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2020
San Francisco, California

Before: FERNANDEZ, WARDLAW, and COLLINS, Circuit Judges.
Concurrence by Judge COLLINS

Yunior Leonardo Santana-Gonzalez, a native and citizen of Cuba and a

lawful permanent resident of the United States, petitions for review of the Board of

Immigration Appeals' (BIA) decision denying his claim for relief from removal.

He also contends that the Immigration Court lacked jurisdiction over his removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We grant in part and remand in part.

1. The Immigration Judge properly exercised jurisdiction over Santana-Gonzalez's removal proceedings. Although Santana-Gonzalez received a Notice to Appear that did not include the date and time of his hearing, "[a] notice to appear need not include time and date information" for jurisdiction to vest in the Immigration Court, and Santana-Gonzalez had "actual notice of the hearings through multiple follow-up notices that provided the date and time of each hearing." *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–60 (9th Cir. 2019).

2. As the government concedes, the BIA erred in concluding that Santana-Gonzalez's "conviction under 8 U.S.C. § 1325(a)(2) and 18 U.S.C. § 2 [was] sufficient, without more, to establish removability under [8 U.S.C. § 1227(a)(1)(E)(i)]." Alien smuggling under § 1227(a)(1)(E)(i) ends when "the initial transporter ceases to transport the alien." *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748 (9th Cir. 2007). The factual basis of Santana-Gonzalez's conviction was in a plea agreement in which he admitted to transporting illegal aliens "at or near Bisbee, in the District of Arizona" to "aid[] and abet[] their presence in the United States" after they had already entered the United States. In light of *Covarrubias*, this conviction, without more, does not establish removability. Because the BIA had an opportunity to consider the application of

*Covarrubias* to this case, we grant the petition in part based on this error.  *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1080 (9th Cir. 2007).

3.    "If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case."  *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).  The agency did not decide whether Santana-Gonzalez is removable under § 1227(a)(1)(E)(i) considering the evidence of the conduct underlying his conviction, rather than the conviction itself.  *See Matter of Martinez-Serrano*, 25 I. & N. Dec. 151, 153 (BIA 2009) ("[T]he removal ground with which the respondent is charged requires no conviction.").  An individual is removable if he "knowingly encourage[d], induce[d], assist[ed], abet[ted], or aid[ed] with illegal entry, even if he did not personally hire the smuggler and even if he [was] not present at the point of illegal entry."  *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005).  The initial complaint in Santana-Gonzalez's criminal case charged that "he had made arrangements to smuggle illegal aliens into the United States for money."  Because the BIA relied solely on Santana-Gonzales's conviction to deny his request for relief, it "ha[s] not considered" his actual conduct.  *INS v. Orlando Ventura*, 537 U.S. 12, 13 (2002).  We remand so that the BIA can "bring its expertise to bear upon the matter, . . . evaluate the

evidence," and determine in the first instance whether Santana-Gonzalez's actual conduct supports removability. *Id.* at 17.

Each party shall bear its own costs.[1]

**GRANTED IN PART, REMANDED IN PART.**

---

[1] Santana-Gonzalez's motion to take judicial notice is denied as moot.

FILED

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring:

As the court notes, *see* Mem. Dispo. at 2, the Government has conceded that, in light of the factual basis that was given at the time of Santana-Gonzalez's 2015 guilty plea to a violation of 8 U.S.C. § 1325(a)(2), that conviction is inadequate to establish that Santana-Gonzalez is removable under § 237(a)(1)(E)(i) of the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1227(a)(1)(E)(i). As the Government explained in its brief, the factual basis for Santana-Gonzalez's plea stated only that "he aided and abetted [the aliens] '*presence* in the United States,' not their *entry* into the United States" (citation omitted). That factual basis is not enough, the Government stated, because INA § 237(a)(1)(E)(i) applies here only if Santana-Gonzalez "encouraged, induced, assisted, abetted, or aided any other alien to *enter* or to try to *enter* the United States in violation of law." 8 U.S.C. § 1227(a)(1)(E)(i) (emphasis added).

The Government's concession is notable, because for more than 40 years we have held that the offense described by § 1325(a)(2) "is consummated at the time an alien gains *entry*" into the United States without submitting to the required inspections. *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir.

1979) (emphasis added).[1]  By conceding that the factual basis of Santana-Gonzalez's plea was insufficient to establish the connection to an entry that, under *Rincon-Jimenez*, is *required* for a conviction under § 1325(a)(2), the Government has effectively conceded that the factual basis was insufficient to sustain that guilty plea, and to that extent the Government has essentially acquiesced to a collateral challenge to Santana-Gonzalez's § 1325(a)(2) conviction.  In view of the Government's concessions, I concur fully in the court's decision to remand the matter to allow the agency to consider whether Santana-Gonzalez is deportable under INA § 237(a)(1)(E)(i) based on the underlying events in question rather than on the mere fact of his (apparently inadequate) conviction under § 1325(a)(2). This case thus presents no occasion to address whether a conviction under 8 U.S.C. § 1325(a)(2), *properly construed*, categorically establishes removability under INA § 237(a)(1)(E)(i).  *See Matter of Martinez-Serrano*, 25 I. & N. Dec. 151, 154–55 (BIA 2009) (answering that question affirmatively, based on, *inter alia*, *Rincon-Jimenez* and *Urzua Covarrubias v. Gonzales*, 487 F.3d 742 (9th Cir. 2007)).

---

[1] In *United States v. Corrales-Vazquez*, 931 F.3d 944 (9th Cir. 2019), we subsequently narrowed § 1325(a)(2) even further, holding that it only applies to an entry "at a designated port of entry." *Id*. at 954; *see also id*. at 953–54 (noting that the entry in *Rincon-Jimenez* would not have qualified under *Corrales-Vazquez*). Given that INA § 237(a)(1)(E)(i) applies to *any* entry, and not merely entries at a designated port of entry, it is irrelevant for our purposes whether or not Santana-Gonzalez's § 1325(a)(2) conviction was consistent with the later announced rule in *Corrales-Vazquez*.