United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60537
Summary Calendar

JORGE ERNESTO SORIANO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

REAVLEY, Circuit Judge:

Jorge Ernesto Soriano petitions for review of a decision of the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") and

holding Soriano inadmissable to the United States as an alien smuggler under the

Immigration and Nationality Act.  Soriano argues that the BIA based its holding on an

erroneous interpretation of the statute and that the holding was not supported by

substantial evidence.  We deny the petition.

## I.  BACKGROUND

Soriano is a native and citizen of Mexico.  He was paroled into the United States from May 6, 2001 until May 2, 2002, to complete an application for adjustment of status. His application was denied on September 9, 2002.  In December 2004, the Department of Homeland Security ("DHS") issued charges of removeability against Soriano, alleging that he had no immigrant visa and that he had knowingly "encouraged, induced, assisted, abetted, or aided [another] alien to enter or to try to enter the United States. . . ." in violation of 8 U.S.C. § 1182(a)(6)(E)(i).  At a removal hearing in El Paso, Texas, Soriano admitted that he had no immigrant visa, but denied the charges of alien smuggling.  He also renewed his application for adjustment of status under 8 U.S.C. § 1255, based on his wife's U.S. citizenship.

At the hearing, the DHS introduced Soriano's I-23 form (the Record of Deportable/Inadmissible Alien) into evidence.  The form, which was signed by a special agent of the Anti-Smuggling Unit of the DHS, alleged that on August 5, 2002, an anonymous caller provided a tip that three undocumented aliens were waiting for transportation at a McDonald's restaurant in El Paso, Texas.  The Anti-Smuggling Unit ("ASU") in El Paso established surveillance at the restaurant, and observed three persons matching the caller's description.  At approximately 1:45 p.m., the aliens made contact with Soriano, who led them to a waiting pickup truck with Mexican tags.  Soriano then drove to a gas station with the three aliens, where a male, later identified as the owner of

2

the truck, Hector Rodriguez-Olguin ("Rodriguez"), got into the passenger seat and directed one of the aliens to sit in the back. The ASU stopped the vehicle and took the subjects into custody. The DHS also introduced the I-23s of the three aliens into evidence at the hearing. These forms indicated that the aliens had illegally entered the United States at 11 a.m. that same day.

Soriano did not contest those facts, but testified that Rodriguez was his friend and had asked Soriano to drive him around El Paso because Rodriguez had multiple traffic tickets (although Rodriguez had apparently driven to Soriano's house on the same day). Soriano further testified that he dropped Rodriguez off to pick up a money order and went to McDonald's, where he met the aliens. Soriano explained that he did not know the aliens, had happened to meet them at the McDonald's, and that he had agreed to give them a ride to the border because he was nice.

The IJ found that Soriano's account was not credible and held that Soriano was both inadmissible and ineligible for adjustment of status due to his participation in an alien-smuggling scheme. Soriano appealed to the BIA, which affirmed and adopted the IJ's decision.[1]

## II. STANDARD OF REVIEW

---

[1]Both the IJ and the BIA erroneously placed the burden of proof on the government. In a removal proceeding, the applicant for admission has the burden of showing that he is "clearly and beyond doubt entitled to be admitted and is not inadmissable under § 1182. . ." 8 U.S.C. 1229a(c)(2)(a).

3

We review the BIA's legal conclusions de novo and its findings of fact for substantial evidence.[2] Thus, we may not reverse findings of fact "unless we find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it."[3]

### III.  DISCUSSION

Soriano argues that 8 U.S.C. § 1182(a)(6)(E)(i) applies only to those who assist aliens in the actual physical crossing of the border.  The language of the statute states: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  8 U.S.C. § 1182(a)(6)(E)(i).  Thus, Soriano contends that because the evidence demonstrates only that he transported three aliens within the United States rather than assisting those aliens during their actual entry into the United States, the BIA was mistaken when it held that Soriano was in violation of § 1182.

Soriano's interpretation of the statute is incorrect.  We agree with the other circuits, which have held that "[a]n individual may knowingly  encourage, induce, assist, abet, or aid with illegal entry, even if he did not personally hire the smuggler and even if he is not present at the point of illegal entry."[4]  Any alien seeking admission to the United States who participates in a scheme to aid other aliens in an illegal entry is inadmissible

---

[2] *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

[3] *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (emphasis in original).

[4]*Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005).

4

under the language of § 1182, regardless of whether the assisting individual was present at the border crossing.[5]

Turning to the question of whether substantial evidence supports the BIA's determination, the evidence does not compel a holding that Soriano innocently offered the aliens a ride. The fact that Soriano shepherded the aliens within a few hours of their crossing evidenced a plan for the meeting and transportation. Soriano did not meet his burden to establish that he was clearly admissible, and thus the BIA's holding was supported by substantial evidence.

The petition for review is DENIED.

---

[5]*See id.*; *Sanchez Marquez v. INS*, 725 F.2d 61, 63 (7th Cir. 1984) (holding that a promise to transport illegal aliens to the border and meet them on the other side constituted assistance with entry).