United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————

No. 06-60534
Summary Calendar

——————————

MOHAD RAZA RAZAQ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 091 294
--------------------

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohad Raza Razaq, a native and citizen of Afghanistan, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) finding him statutorily ineligible for the withholding of removal under both the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT) based on his prior conviction for a particularly serious crime. Razaq argues that the BIA applied an incorrect legal standard in determining that he had not rebutted the presumption that his prior conviction was for a particularly serious crime. <u>See</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In re Y-L-, 23 I. & N. Dec. 270, 276-77 (BIA 2002).  We review this contention de novo.  See Soriano v. Gonzales, 484 F.3d 318, 320 (5th Cir. 2007).  However, to the extent that Razaq is challenging the merits of the determination that his crime was particularly serious, we lack jurisdiction over his claims.  See 8 U.S.C. §§ 1231(b)(3)(B), 1252(a)(2)(B)(ii); Unukhaulu v. Gonzales, 416 F.3d 931, 933 (9th Cir. 2005).

Under the INA, an alien is statutorily ineligible for the withholding of removal after "having been convicted by a final judgment of a particularly serious crime."  § 1231(b)(3)(B).  Because the withholding of removal under the CAT also shall be denied if the alien falls within § 1231(b)(3)(B), a respondent who has been convicted of a particularly serious crime is likewise ineligible for withholding of removal under the CAT.  8 C.F.R. § 1208.16(d)(2).  An alien may rebut the presumption that his conviction was for a particularly serious crime by satisfying six criteria set forth in Y-L-, 23 I. & N. Dec. at 276-77.  One of those criteria is "merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy."  Id. at 277.

Razaq argues that under Y-L-, the peripheral-involvement criterion "looks to the alien's own 'involvement' in any drug 'conspiracy,' separate and apart from the person's involvement in a particular 'activity' or 'transaction.'"  He argues that the BIA thus erred when it rejected his claim based solely on the

conclusion that his involvement in the criminal activity or transaction was not peripheral.  Razaq's argument is untenable, however, because Razaq was convicted as a seller, not as a member of a conspiracy.  His suggested interpretation of Y-L- is not rational, and his reliance on Lavira v. Attorney General, 478 F.3d 158 (3d Cir. 2007), is unavailing.  Accordingly, his petition is DENIED.