# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2010

No. 09-60422
Summary Calendar

Lyle W. Cayce
Clerk

VICTOR REYNOSO BORJA, also known as Victor Reynoso-Borja,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 061 423

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Reynoso Borja, a native and citizen of Mexico, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. We deny Borja's petition for review.

We generally review only the BIA's decision except to the extent that the immigration judge's (IJ) decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). With respect to the determination that Borja's prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction pursuant to 8 U.S.C. § 1325 for transporting an illegal alien made him inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i); that such offense constituted a bar to good moral character under 8 U.S.C. § 1101(f)(3); and that, in the absence of good moral character, he was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Borja has not shown that the BIA's decision was either unconstitutional or based upon an incorrect interpretation of § 1182(a)(6)(E)(i). *See Soriano v. Gonzales*, 484 F.3d 318, 320-21 (5th Cir. 2007).

To the extent that Borja challenges our holding in *Soriano*, which foreclosed all of the arguments he raised before the BIA, his argument is unavailing. We have held that "in the absence of intervening Supreme Court precedent," one panel cannot overrule another panel even if it disagrees with the prior panel's holding. *See Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 425-26 (5th Cir. 1987). Moreover, Borja's argument that the Government did not provide sufficient evidence to establish that he had been convicted of an alien smuggling scheme is without merit. The Government provided both a criminal complaint and a judgment of conviction that demonstrated that Borja did not innocently offer a ride to an illegal alien, but aided and abetted an alien's further entry into the United States with "knowledge and reckless disregard" that the alien had entered the country in violation of the law. Accordingly, we deny his petition for review.

DENIED.