# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-60339
Summary Calendar

Lyle W. Cayce
Clerk

GENARO SALAZAR,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 011 977

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Genaro Salazar petitions this court for review of an order from the Board of Immigration Appeals (BIA). The BIA affirmed the Immigration Judge's (IJ) decision granting the respondent's motion to pretermit Salazar's request to adjust his status and determining that Salazar was ineligible for a waiver of inadmissibility. The BIA found that Salazar was statutorily ineligible for adjustment of status pursuant to 8 U.S.C. § 1255 because he was inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i) as a result of his prior conviction for smuggling

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aliens.  The BIA further determined that Salazar was statutorily ineligible for an 8 U.S.C. § 1182(h) waiver because he was found inadmissible under § 1182(a)(6) rather than § 1182(a)(2) as required for a § 1182(h) waiver.

When considering a petition for review, this court reviews the BIA's legal decisions de novo, although this court defers to reasonable interpretations of agency regulations.  *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).

Under § 1182(a)(6)(E)(i), any alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  Thus, the IJ's finding that Salazar was an alien smuggler made him inadmissible and therefore ineligible for adjustment of status under § 1255.  *See Soriano v. Gonzales*, 484 F.3d 318, 321 (5th Cir. 2007).  Salazar argues that he is not inadmissible under § 1182(a)(6)(E)(i) based on the BIA's unpublished decision in *In re Popoca*, No. A90 751 142, 2006 WL 729766  (BIA Feb. 9, 2006).  *Popoca* is inapplicable here, and, as such, the BIA properly affirmed the IJ's decision.

Salazar also appears to argue that he is entitled to a § 1182(h) waiver because that section violates his constitutional rights.  His argument is without merit.  That is, Salazar cannot and has not overcome the fact that he is statutorily ineligible for a § 1182(h) waiver because he was found inadmissible under § 1182(a)(6)(E)(i) instead of § 1182(a)(2), regardless of any alleged constitutional infirmities in § 1182(h). Accordingly, Salazar's petition for review is DENIED.