# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2010

Lyle W. Cayce
Clerk

No. 09-60508
Summary Calendar

JOSE MANUEL LARA-SALAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 693 897

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Lara-Salas (Lara) has filed a petition for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) order finding him inadmissible and ineligible for adjustment of status due to his involvement in alien smuggling. This court reviews the BIA's legal conclusions de novo and its findings of fact for substantial evidence. *Soriano v. Gonzales*, 484 F.3d 318, 320 (5th Cir. 2007). Fact findings may not be reversed unless the court finds not only that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence supports a contrary conclusion but that the evidence compels it. *Id.*

"In a removal proceeding, the applicant for admission has the burden of showing that he is 'clearly and beyond doubt entitled to be admitted and is not inadmissible under § 1182.'" *Id.* at 320 n.1 (quoting 8 U.S.C. § 1229a(c)(2)(a)). "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i).

Substantial evidence supports the BIA's determination that Lara did not meet his burden of proving admissibility. Lara's admitted transportation of illegal aliens is sufficient to deny him admissibility, even though he asserts that the aliens were already present in the United States when he met them. *See Soriano*, 484 F.3d at 321. To the extent that Lara continues in his assertion that he was not aware of the illegal status of the woman and her son, such assertion was contradicted by the boarder patrol agent's testimony that the illegal woman presented him with Lara's son's birth certificate, and by Lara's inability to explain why the woman was in possession of the birth certificate. In sum, the evidence does not compel a conclusion that Lara met his burden of establishing admissibility. *See id.* at 320.

Lara's argument that the admission of the E-166 report on the morning of the hearing violated his right to due process is without merit because Lara has failed to show that he was substantially prejudiced by the procedural error he advances. *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). Lara had sufficient opportunity to challenge the report's veracity and authenticity during the two-week period between the conclusion of the immigration hearing and the filing of his closing argument. Further, Lara was provided documentation several months prior to the hearing, which gave him notice that alien smuggling would be at issue in the proceedings.

No. 09-60508

Lara's argument that the IJ engaged in improper questioning also is without merit. An IJ is authorized by statute to "interrogate, examine, and cross-examine the alien and any witnesses." 8 U.S.C. § 1229a(b)(1). Lara has shown, at most, that the IJ engaged in thorough questioning, which is insufficient to show a violation of due process. *See Wang v. Holder,* 569 F.3d 531, 541 (5th Cir. 2009).

PETITION DENIED.