# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2015

Lyle W. Cayce
Clerk

No. 14-60482
Summary Calendar

JAVIER MEDINA MURILLO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 707 602

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Petitioner Javier Medina Murillo (Medina), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) decision that Medina was inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i) and thus ineligible for adjustment of status. He also appeals the BIA's affirmance of the IJ's denial of his application for protection under the Convention Against Torture (CAT)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the IJ's order of removal under 8 U.S.C. § 1227(a)(1)(E) for assisting alien smuggling into the United States.  On appeal, Medina has not challenged the order of removal pursuant to § 1227(a)(2)(A)(iii) or the denial of his applications for asylum and withholding of removal, so he has abandoned those claims.  *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

We review only the BIA's decision, "unless the IJ's decision has some impact on" that decision.  *Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009).  We review factual findings under the substantial evidence standard and legal questions de novo.  *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011).

Medina contends that he bore his burden of showing that he is not inadmissible for alien smuggling under §1182(a)(6)(E)(i), because at most the evidence shows that he recklessly transported undocumented aliens.  Arguing that the statute under which he pleaded guilty, 8 U.S.C. § 1324(a)(1)(A)(ii), is broader in scope than the alien smuggling statute because it encompasses a mens rea of reckless disregard of the alien's legal status, Medina asserts that his prior transportation conviction did not necessarily trigger the bar.  Medina's attempt to have the court apply the categorical approach is misplaced:  The proper analysis involves consideration of Medina's actual conduct and does not require an analysis of the elements of the statute supporting the conviction.  *See Silve-Trevino v. Holder*, 742 F.3d 197, 201 (5th Cir. 2014); *Renteria-Gonzalez v. INS,* 322 F.3d 804, 817 n.15 (5th Cir. 2002).

In challenging the determination of inadmissibility, Medina contends that the BIA erred in relying on hearsay evidence contained in his criminal records.  As Medina did not raise this contention in his appeal to the BIA, we lack jurisdiction to review it.  *See Rui Yang,* 664 F.3d at 588.

Medina claims that the IJ's adverse credibility finding was not supported by any cogent reasons.  It is clear from the IJ's comments, however, that a

strong consideration for the adverse credibility ruling was the lack of credibility of Medina's testimony regarding his decision to transport the newly arrived aliens without valid proof of their legal status. *See Wang*, 569 F.3d at 538. An alien may be found to participate in a smuggling scheme even if he is not present at the border crossing. *Soriano v. Gonzales*, 484 F.3d 318, 321 (5th Cir. 2007). Medina arranged to pick up the illegal aliens near the border soon after they had crossed illegally, which constituted substantial evidence of alien smuggling that rendered him inadmissible. *See id.* at 320 n.1, 321.

Medina did not specifically argue to the BIA that the IJ erred in determining that he was removable pursuant to § 1227(a)(1)(E)(i), and the BIA did not rule on that claim. We therefore lack jurisdiction to review it. *See Rui Yang*, 664 F.3d at 588.

Lastly, Medina argues that he is entitled to relief under CAT because the record compels the conclusion that it is more likely than not that (1) he would be subject to torture by criminal organizations if he returns to Mexico and (2) the government would turn a blind eye to the conduct. He thus presents issues of fact, but we do not have jurisdiction to analyze factual questions concerning entitlement to relief under CAT. *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

For the foregoing reasons, Medina's petition for review is DENIED.