# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2015

Lyle W. Cayce
Clerk

JOSE JESUS ARANDA-GALVAN,

Petitioner,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 969 661

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Jesus Aranda-Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order dismissing his appeal and affirming the Immigration Judge's (IJ) order of removal. The BIA dismissed the appeal after finding no error in the IJ's decision that Aranda-Galvan was inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i), and therefore ineligible for an adjustment of status, and that Aranda-Galvan was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not entitled to withholding of removal and relief under the Convention Against Torture (CAT).

Aranda-Galvan does not challenge his removability as an alien convicted of an aggravated felony based on his conviction for conspiring to transport undocumented aliens within the United States. Rather, he challenges the BIA's determinations that he was inadmissible under § 1182(a)(6)(E)(i) based on his participation in an alien smuggling scheme; he was not entitled to withholding of removal because he failed to show that he feared being harmed if he returned to Mexico based on his membership in "a particular social group"; and he was not entitled to relief under the CAT because he failed to demonstrate that it is more likely than not that he would be tortured by the Zetas with the acquiescence of the Mexican government if he returned to Mexico.

Although we are statutorily barred from reviewing a removal order based on the alien's commission of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, *see* § 1252(a)(2)(D), including the BIA's legal determinations whether an alien is statutorily ineligible for an adjustment of status, *see Sattani v. Holder*, 749 F.3d 368, 370-72 (5th Cir. 2014) (per curiam), and whether an alien's proposed group is cognizable as "a particular social group" for purposes of withholding of removal, *see Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007).

Constitutional claims and questions of law are reviewed de novo, *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011), and findings of fact are reviewed for substantial evidence, *Soriano v. Gonzales*, 484 F.3d 318, 320 (5th Cir. 2007). Because the BIA agreed with the IJ's determinations regarding Aranda-Galvan's inadmissibility and eligibility for relief, the decisions of both

the BIA and the IJ are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

*Inadmissibility*

Aranda-Galvan contends that the BIA's determination that he was inadmissible under § 1182(a)(6)(E)(i) was based on a "flawed" and "overbroad" interpretation of that statute because § 1182(a)(6)(E)(i) pertains only to those individuals who, unlike him, aided, abetted, or encouraged an illegal crossing. In the alternative, he argues that even if his offense falls under the purview of § 1182(a)(6)(E)(i), the BIA erred in determining that he failed to satisfy his burden of demonstrating that he was not inadmissible.

As the BIA correctly determined, § 1182(a)(6)(E)(i) applied notwithstanding that Aranda-Galvan was not present at the border and did not assist in the actual crossing, *see Soriano*, 484 F.3d at 320-21, and substantial evidence supports the BIA's determination that Aranda-Galvan failed to carry his burden of proving his admissibility. Accordingly, the BIA did not err in affirming the IJ's determination that Aranda-Galvan is inadmissible under § 1182.

*Withholding of removal and CAT relief*

In this case, the BIA correctly noted that a group's recognition as "a particular social group" is determined by the perception of the society in question, rather than by the perception of the persecutor, *see Orellana-Monson v. Holder,* 685 F.3d 511, 519-20 (5th Cir. 2012) (noting that it is the perception of the "members of a society" that matters), and concluded that the "evidence [did] not establish that Mexican society in general (as opposed to members of Los Zetas) identifies individuals with those characteristics as comprising a distinct social group," *see Matter of C-A-*, 23 I. & N. Dec. 951, 958-61 (BIA 2006) (concluding that government informants do not constitute a particular social

group, even when that group is defined narrowly to include solely informants against a particular Columbian drug cartel).

Although Aranda-Galvan argues that individuals known to have cooperated with the United States Government against the Zetas are a distinct group because of the need to protect them and the fear of being thought to be one of them, he has not shown that the evidence compels a conclusion that Mexican society perceives those individuals as a distinct group. *See Orellana-Monson*, 685 F.3d at 518.

Further, although Aranda-Galvan argues that the IJ denied him due process by applying *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 228 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014), he has not adequately briefed this issue. Accordingly, the issue is waived. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

*Relief under the CAT*

Finally, because Aranda-Galvan challenges only the factual findings upon which his CAT claim was denied, we lack jurisdiction to consider his claim. *See* § 1252(a)(2)(C) & (D); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012); *Cruz v. Holder*, 398 F. App'x 17, 18 (5th Cir. 2010).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.