**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE LUIS ZAMORA-VASQUEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney
General,

Respondent.

No. 19-9554
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

This petition for review involves a challenge to an immigration

judge's decision on a noncitizen's application to readjust his status. The

noncitizen, Mr. Zamora-Vasquez, sought readjustment of status on the

ground that his wife is a United States citizen. The immigration judge

rejected the application on the ground that Mr. Zamora-Vasquez is

_____

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

inadmissible because he participated in the smuggling of undocumented persons. *See* 8 U.S.C. § 1182(a)(6)(E)(i). The Board of Immigration Appeals summarily affirmed. Mr. Zamora-Vasquez petitions for review, arguing that he remains admissible because he didn't affirmatively act to help undocumented persons cross the border. We reject his argument, concluding that substantial evidence existed for the immigration judge to find affirmative involvement in a scheme to bring undocumented persons across the border.

When the Board of Immigration Appeals summarily affirms an immigration judge, as in this case, we review the immigration judge's order as the final agency determination. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Our level of scrutiny varies based on the nature of the petitioner's challenge.

Mr. Zamora-Vasquez's challenge stems from his convictions on criminal charges of transporting and conspiring to transport undocumented persons. *See* p. 4, below. These convictions led the government to argue that Mr. Zamora-Vasquez was no longer considered "admissible," a requirement for his eligibility to pursue adjustment of status. He responds that he remains admissible because he didn't commit any affirmative acts to bring undocumented persons across the border. For this challenge, we apply the substantial-evidence standard. *See Elzour*, 378 F.3d at 1150 (explaining that courts review factual findings under the substantial-

evidence standard). Under the substantial-evidence test, we ask whether factual findings are supported "by reasonable, substantial and probative evidence considering the record as a whole." *Id.*

We apply this standard to the underlying statute, 8 U.S.C. § 1182(a)(6)(E)(i). Under this statute, any noncitizen who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i).

This statutory bar on admissibility applies only when a noncitizen performs an affirmative act to knowingly assist undocumented persons to enter the United States. *See Dimova v. Holder*, 783 F.3d 30, 40 (1st Cir. 2015) (requiring "'an affirmative act of help, assistance, or encouragement' for an individual to have engaged in alien smuggling" (quoting *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005))). But an affirmative act may take place even if the noncitizen is absent at the border crossing. *Soriano v. Gonzales*, 484 F.3d 318, 321 (5th Cir. 2007); *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005).

Mr. Zamora-Vasquez acknowledges that he picked up three undocumented persons in El Paso. But Mr. Zamora-Vasquez asserts that he got involved only after the three individuals had entered the country. So, he argues, he didn't do anything to help them cross the border.

3

We conclude, however, that the underlying statute can encompass acts to help undocumented persons even after they have crossed the border. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747–48 (9th Cir. 2007) (rejecting a similar challenge and holding that alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i) does not end once the undocumented person enters the United States).[1] Once the undocumented person has crossed the border, the noncitizen could still commit an act "in furtherance of" and as "part of" the process of securing entry into the country. *See Dimova v. Holder*, 783 F.3d 30, 38 (1st Cir. 2015) (quoting *Matter of Martinez– Serrano*, 25 I. & N. Dec. 151, 154 (B.I.A. 2009)). For example, transporting undocumented persons within hours of their border crossing can "evidence[] a plan for the meeting and transportation." *Soriano v. Gonzales*, 484 F.3d 318, 321 (5th Cir. 2007).

Mr. Zamora-Vasquez disagrees, pointing to the limited scope of his convictions under 8 U.S.C. § 1324(a)(1)(A)(v)(I), (II), Bringing In and

---

[1] Mr. Zamora-Vasquez relies on the dissent in *Urzua Covarrubias v. Gonzales*. 487 F.3d 742, 751 (9th Cir. 2007) (Pregerson, J., dissenting) (stating that the noncitizen's actions "do not constitute aiding and abetting alien smuggling because the actions occurred *after* [the undocumented person] had entered the country"). Unlike the dissenting judge, however, the majority unambiguously held that alien smuggling under § 1182(a)(6)(E) does not end once the undocumented person crosses the border. *See* text accompanying note.

4

Harboring Certain Aliens. According to Mr. Zamora-Vasquez, those crimes didn't occur until after the undocumented persons had crossed the border.

But we need not address the scope of the criminal statute, § 1324(a)(1)(A), because it did not affect the immigration judge's decision. The judge instead relied on Mr. Zamora-Vasquez's underlying conduct. The sole issue is thus whether the immigration judge could reasonably find conduct that fell within the scope of § 1182(a)(6)(E).

Mr. Zamora-Vasquez argues that the evidence is insufficient to show that he was affirmatively involved in the transportation of undocumented persons across the border. But three undocumented persons testified that Mr. Zamora-Vasquez had picked them up near the border, driven them out-of-state, provided them shelter and food, and instructed them how to evade border patrol agents. Mr. Zamora-Vasquez admitted that he (1) had known that the individuals were undocumented and (2) had agreed to drive them in exchange for compensation. Given the testimony and admissions, substantial evidence supports the immigration judge's finding that Mr. Zamora-Vasquez had affirmatively acted to help the three undocumented persons enter the United States. *See Dimova v. Holder*, 783 F.3d 30, 39–40 (1st Cir. 2015) (picking up undocumented persons near the border after they had been in the United States for only a few hours provided "the assistance necessary for them to move forward with their effort to enter the country without apprehension" and constituted an affirmative act).

5

Petition denied.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6