# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2021

Lyle W. Cayce
Clerk

No. 19-60633
Summary Calendar

Mario Ruiz-Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 555 717

Before Davis, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Mario Ruiz-Garcia is a native and a citizen of Mexico who came to the United States without inspection sometime in 1985. He became a legal permanent resident in 1991 but not a citizen. In 2007, he pleaded guilty to transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A). Because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that crime is an "aggravated felony" as explicitly defined in 8 U.S.C. § 1101(a)(43)(N), Ruiz-Garcia was "deportable" under 8 U.S.C. § 1227(a)(2)(A)(iii).

But Ruiz-Garcia sought relief from removal by seeking adjustment of status under 8 U.S.C. § 1255(a) based on an application by his son, a U.S. citizen. However, adjustment required him to show, among other things, that he is "admissible"—that is, not inadmissible—to the United States. *See* § 1255(a)(2). The immigration judge (IJ) denied adjustment after concluding that Ruiz-Garcia's alien transporting conviction rendered him inadmissible under 8 U.S.C. § 1182(a)(6)(E), which concerns smuggling aliens into the United States.

The Board of Immigration Appeals (BIA) remanded the case for the IJ to further assess whether Ruiz-Garcia was inadmissible because it was unclear whether the conduct underlying the alien *transporting* offense amounted to aiding illegal *entry* as required by § 1182(a)(6)(E)(i). On remand, the IJ held a hearing at which Ruiz-Garcia testified. The IJ also considered documentary evidence, including a Border Patrol agent's Report of Investigation and the presentence report (PSR) from the transporting case. The IJ concluded that Ruiz-Garcia's testimony was not credible and that the evidence established that the conduct underlying the transporting conviction amounted to aiding illegal entry, which rendered Ruiz-Garcia inadmissible and thus ineligible for adjustment.

Despite limitations on court jurisdiction under 8 U.S.C. § 1252(a)(2)(C), we may review constitutional claims and questions of law. § 1252(a)(2)(D). Questions of law include "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020); *see Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009) (holding that the application of law to the facts is a

reviewable legal issue).  In addition, the Due Process Clause of the Fifth Amendment applies in removal proceedings.  *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  When Ruiz-Garcia's pro se pleadings are liberally construed, he raises legal issues that we may review.  *See Nolasco v. Crockett*, 978 F.3d 955, 957 (5th Cir. 2020) (exercising jurisdiction to review a nondiscretionary decision concerning ineligibility for adjustment of status).

We review the BIA's decision but consider the IJ's decision "to the extent that it influenced the BIA."  *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  Generally, we review the BIA's rulings of law de novo and findings of fact for substantial evidence.  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014); *see Dhuka v. Holder*, 716 F.3d 149, 154-56 (5th Cir. 2013).  Under the substantial evidence test, Ruiz-Garcia must show that the evidence is "so compelling that no reasonable factfinder could reach a contrary conclusion."  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Ruiz-Garcia first contends that the immigration court lacked jurisdiction because the initial notice to appear at the removal hearing failed to state the time and place of the hearing.  Ruiz-Garcia did not exhaust this issue by raising it on appeal to the BIA.  We therefore lack jurisdiction to consider it.  *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).  As to this argument, the petition for review is dismissed.  In any event, the argument lacks merit.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-92 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020).  We also find no error in the BIA's exercise of its discretion to assign the appeal to a single BIA member rather than a three-member panel.  *See* 8 C.F.R. § 1003.1(e).

As to the merits, there is no dispute that Ruiz-Garcia is *deportable* because he committed an aggravated felony.  Nonetheless, adjustment would be available if, among other things, he is not *inadmissible* for having engaged in certain conduct as provided by § 1182(a).  *See* § 1255(a)(2).  The offense

of transporting aliens *within* the United States—which makes Ruiz-Garcia deportable—does not necessarily make him inadmissible under § 1182(a)(6)(E), which requires the alien to have "encouraged, induced, assisted, abetted, or aided any other alien *to enter or to try to enter* the United States in violation of law."  § 1182(a)(6)(E)(i) (emphasis added).  Ruiz-Garcia had the burden of showing that he "is clearly and beyond doubt . . . not inadmissible."  8 U.S.C. § 1229a(c)(2)(A); *Soriano v. Gonzales*, 484 F.3d 318, 320 n.1 (5th Cir. 2007).

Ruiz-Garcia argues that the IJ deprived him of due process by considering the PSR from the transporting conviction.  While reliance on a PSR may have shortcomings due to the relatively low burden of proof for sentencing purposes, Ruiz-Garcia "must make an initial showing of substantial prejudice," which requires "a prima facie showing that the alleged violation affected the outcome of the proceedings."  *Okpala*, 908 F.3d at 971.  The IJ relied not only on the PSR but also on the Report of Investigation, which mirrored the PSR in every material and significant way and showed that Ruiz-Garcia actively aided a scheme to assist aliens to enter the United States illegally.  There was no prejudice, and Ruiz-Garcia failed to carry his burden of clearly showing admissibility under § 1229a(c)(2)(A).

In addition, Ruiz-Garcia asserts that the BIA should not have adopted the IJ's credibility finding because the IJ who made the credibility call did not hear him testify.  This assertion is factually baseless because the IJ who made the credibility call and issued the final ruling was the same IJ who heard Ruiz-Garcia testify.  We need not review the IJ's credibility assessment unless the finding is unsupported by the record or based on pure speculation, which is not the case here.  *See Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).  To the extent Ruiz-Garcia challenges the credibility determination itself, he raises an issue of fact over which we lack jurisdiction due to Ruiz-

Garcia's aggravated felony conviction. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir 2017); *Andrade v. Gonzales,* 459 F.3d 538, 542 (5th Cir. 2006).

Ruiz-Garcia fails to show a due process violation, any legal error, or that the evidence compels a conclusion that he clearly showed that he is admissible. *See Guerrero-Lasprilla*, 140 S. Ct. at 1068; *Okpala*, 908 F.3d at 971; *Chen*, 470 F.3d at 1134; § 1229a(c)(2)(A). Ruiz-Garcia is not entitled to relief on his claim of eligibility for adjustment of status.

Finally, Ruiz-Garcia argues at length that he is eligible for a waiver of inadmissibility under § 1182(h) and that a bar against applying the waiver does not apply to him because he was not "admitted" as a legal permanent resident but became one years later. *See Martinez v. Mukasey*, 519 F.3d 532, 546 (5th Cir. 2008). *Martinez* notwithstanding, the waiver does not apply because alien smuggling under § 1182(a)(6)(E) is not one of the grounds of inadmissibility to which the waiver applies. *See* § 1182(h).

The petition for review is DENIED in part and DISMISSED in part.