# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2021

Lyle W. Cayce
Clerk

No. 20-60411
Summary Calendar

Anselmo Medrano Gonzalez, *also known as* Anselmo
Medrano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 766 086

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Anselmo Medrano Gonzalez, a native and citizen of Mexico, petitions
for review of an order of the Board of Immigration Appeals (BIA) dismissing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60411

his appeal of an Immigration Judge's (IJ) denial of his claim for adjustment of status under 8 U.S.C. § 1255(i).

This court reviews the final decision of the BIA and will only consider the IJ's decision where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

An alien physically present in the United States may apply for adjustment of status to that of an alien lawfully admitted for permanent residence. § 1255(i). The Attorney General may grant the application if, inter alia, the alien is admissible to the United States for permanent residence. § 1255(i)(2)(A). Under 8 U.S.C. § 1182(a)(6)(E)(i), an alien is inadmissible if at any time he "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." In determining whether an alien is inadmissible under the statute, this court considers his actual conduct rather than a conviction for a criminal offense. *See Soriano v. Gonzales*, 484 F.3d 318, 321 (5th Cir. 2007). As an applicant seeking to adjust his status, Medrano Gonzalez must show that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible under § 1182." *Id.* at 320 n.1 (internal quotation marks and citation omitted).

Medrano Gonzalez was convicted in 1990 of transporting aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B). The

No. 20-60411

transportation of aliens as part of a scheme to assist illegal entry falls within the ambit of inadmissibility under § 1182(a)(6)(E)(i), and our decision to this effect is binding under the rule of orderliness. *See Soriano*, 484 F.3d at 321; *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Here, Medrano Gonzalez's actual conduct—which included transporting aliens both prior to and after their illegal entry into the United States—reflected his involvement in such a scheme. Accordingly, the BIA did not err in finding that Medrano Gonzalez was ineligible to adjust status under § 1255(i) because his participation in the scheme rendered him inadmissible under § 1182(a)(6)(E)(i). *See Soriano*, 484 F.3d at 321; *Orellana-Monson*, 685 F.3d at 517-18; *Wang*, 569 F.3d at 537.

DENIED.